CHRISTMAN et al. v. KECK.

(Supreme Court, Appellate Division, Third Department.	May 4, 1910.)

DISCOVERY (§ 86*)—INSPECTION OF PAPERS—MOTION—REASON—SUFFICIENCY.

On motion by defendant for an inspection of certain papers in plaintiff's·
possession, where the moving papers showed that the purpose of the in-
spection was solely to refresh defendant's recollection, and plaintiff of-
fered to produce the papers at the trial, the reason for granting the mo-
tion was insufficient.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 110; Dec. Dig.
§ 86.*]

Sewell and Houghton, JJ., dissenting.

Appeal from Special Term, Fulton County.

Action by Jacob I. Christman and others, as executors, etc., against
Phillip Keck. From an order requiring plaintiffs to give the defend-
ant an inspection of certain papers, plaintiffs appeal. Reversed, and
motion denied.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

Alfred Dudley Dennison, for appellants.
M. H. Nellis, for respondent.

COCHRANE, J. The trial of this action pending before a ref-
eree was halted to permit the defendant to procure an inspection of
certain written statements delivered by him to the plaintiffs' testator.
The action is on a promissory note given by defendant. He counter-
claims for legal services rendered by him as an attorney and counselor
at law extending through a period of many years, and the statements
in question contain matters relating to the business transactions be-
tween him and his former client. Clearly those papers are evidence in
behalf of either party to this action. The plaintiffs so regarded
them, and offered to produce them before the referee on the trial.
We think the order for the inspection was improvidently granted and
without sufficient reasons appearing therefor. The only reasons given
by defendant in the moving papers are as follows:

"Your petitioner does not recall the details of the services which he ren-
dered to plaintiffs' testator during all the years since 1883, and is confident
.that these statements so rendered by him in confidence to said testator would
refresh 'his recollection in many particulars, so that he might testify to the
services thus rendered and to many details concerning which he would be
competent to testify, because they would not concern any personal transac-
tion had between your petitioner and said testator, and an inspection and copy
of such statement and statements is necessary to enable your petitioner to
prepare for the trial and defense of this action; that without an inspection
of the said statement, and of each and every statement which your petitioner
has rendered to said testator in his lifetime, your petitioner will be unable to
maintain his defense and counterclaim as efficiently herein as if he were per-
mitted to refresh his recollection from the said statements and papers so ren-
dered and delivered by him to said testator, which are now under the control
and in the possession of these plaintiffs."

Manifestly whatever benefit, as thus stated by defendant, he could
derive from an inspection of the documents in question, would be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

available to him as well after as before such documents are admitted in evidence. The declared purpose of the inspection is solely to refresh the defendant's recollection. The papers can accomplish that result with undiminished efficiency after they become evidence. As previously pointed out, the trial of this action has already been commenced before a referee. The reasons which usually prompt a court to direct a discovery or inspection of papers before trial do not here apply. No time or expense is to be saved, and there is no question of surprise involved. The defendant's rights can be fully safeguarded by the referee.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except SEWELL and HOUGHTON, JJ., who dissent.